THE STATE OF OHIO, APPELLEE, *v.* PERKINS, APPELLANT.

[Cite as State v. Perkins (1974), 40 Ohio App. 2d 406.]

(No. 33521—Decided July 11, 1974.)

*Mr. John T. Corrigan*, prosecuting attorney, for appellee.

*Mr. Myles F. Gallagher*, for appellant.

JACKSON, J. The defendant, Alf Perkins, Jr., was arrested on October 13, 1973. He was indicted on November 21, 1973, on one count of breaking and entering in violation of R. C. 2907.10. In a trial commencing February 14, 1974, the jury returned a guilty verdict against defendant. He appeals and assigns two errors.

For his first assignment of error, defendant contends that he was denied his statutory right to a speedy trial as guaranteed, pursuant to Ohio's speedy trial statute, R. C. 2945.71.

Assignment of error No. 1 is without merit and overruled.

The record discloses that defendant was confined in the county jail from the day of his arrest on October 13, 1973, until the day of his trial on February 14, 1974, a period of 126 days.

Prior to January 1, 1974, R. C. 2945.71 required that a person in jail at the time of his indictment he tried within two terms after the term of the indictment.[1] The defendant in the case at bar was indicted in the September term of 1973 and tried in the January term of 1974, the term of court immediately following the term of his indictment. Clearly, there was no violation of defendant's statutory right to a speedy trial as delineated in the pre-January 1, 1974 version of R. C. 2945.71.

Effective January 1, 1974, R. C. 2945.71 requires that a person held in jail in lieu of bail be brought to trial

---

[1] [Acquitted Without Trial]

"Section 2945.71 Discharge of indicted person. (G. C. 13447-1)

"No person shall be detained in jail without a trial for a continuous period of more than two terms after his arrest and commitment on an indictment or information, or, if he was in jail at the time the indictment or information was found, more than two terms after the term at which the indictment or information was presented. He shall be discharged unless a continuance is had on his motion or the delay is caused by his act."

within 90 days after his arrest.[2] The defendant argues that he is entitled to the protection of the most recently enacted version of this statute.

The present version of R. C. 2945.71 is part of the new Criminal Code, H. B. 511. The effective date of most of the provisions of the new Criminal Code, including R. C. 2945.71, is set at January 1, 1974, by Section 4 of H. B. 511.[3]

The perplexing question presented by this appeal is which version of R. C. 2945.71 applies to persons arrested prior to January 1, 1974, but tried after that date. Section 3 of H. B. 511 provides some guidance. This section reads as follows:

[2]The full text of this new version of R. C. 2945.71 reads as follows: "Section 2945.71 Time within which hearing or trial must be held.

"(A) A person against whom a charge is pending in a court not of record, or against whom a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within fifteen days after his arrest or the service of summons;

"(B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:

"(1) Within forty-five days after his arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree, or other misdemeanor for which the maximum penalty is imprisonment for not more than sixty days;

"(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.

"(C) A person against whom a charge of felony is pending;

"(1) Shall be accorded a preliminary hearing within fifteen days after his arrest;

"(2) Shall be brought to trial within two hundred seventy days after his arrest.

"(D) For purposes of computing time under divisions (A), (B), and (C) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days.

"(E) This section shall not be construed to modify in any way section 2941.41, or sections 2963.30 to 2963.35 of the Revised Code."

[3]"SECTION 4. Sections 1, 2, and 3 of this act, except for sections of the Revised Code controlled by Sections 5 or 6 of this act, shall become effective January 1, 1974."

"Section 3. Transition

"Section 3. Persons charged with a capital offense committed prior to the effective date provided in Section 4 of this act shall be prosecuted under the law as it existed at the time the offense was committed, and, if convicted, shall be imprisoned for life, except that whenever the statute under which any such person is prosecuted provides for a lesser penalty under the circumstances of the particular case, such lesser penalty shall be imposed. *Persons charged with an offense, other than a capital offense, committed prior to the effective date specified in Section 4 of this act shall be prosecuted under the law as it existed at the time the offense was committed.* Persons convicted or sentenced on or after the effective date specified in Section 4 of this act for an offense committed prior to the effective date specified in Section 4 of this act, shall be sentenced according to the penalty for commission of the substantially equivalent offense under this act. If the offense for which sentence is being imposed does not have a substantial equivalent under this act, or if this act provides a more severe penalty than that originally prescribed for the offense of which the person is convicted, then sentence shall be imposed under the law as it existed prior to the effective date specified in Section 4 of this act." (Emphasis added.)

Section 3 of H. B. 511 therefore suggests a legislative intent that the date on which the offense was committed should be the determining factor dictating whether the old or newly enacted version of R. C. 2945.71 is applicable. Under this "date of the offense" rule, persons having committed an offense prior to January 1, 1974, would have the protection of the pre-January 1, 1974 provisions of R. C. 2945.71, while persons having committed an offense after January 1, 1974, would have the protection of the post-January 1, 1974 provisions of said statute. This "date of the offense" rule has merit because of its easy application.

However, a strict "date of the offense" rule has inherent constitutional problems stemming from the equal protection clause of the Fourteenth Amendment. The defendant was arrested and incarcerated in jail on October 15, 1973, for an offense committed on that date. Under

a "date of the offense" rule, the pre-January 1, 1974 version of R. C. 2945.71 is applicable, and pursuant to the provisions therein the defendant could be held in jail without trial until the beginning of the September term of 1974 without triggering the discharge requirement. By contrast, however, a person arrested on January 1, 1974, and held in jail in lieu of bail on a felony charge for an offense committed on that date would have to be tried within ninety days of his arrest or prior to April 1, 1974, to prevent triggering the discharge provisions of the statute.

Thus, under a strict "date of the offense" rule, the defendant, who was jailed two and one-half months prior to January 1, 1974, could be held in jail without a trial for some four months after the last date of lawful trial for a person arrested on January 1, 1974. The "date of the offense" rule therefore creates a possible denial of equal protection of the law for persons, such as the defendant, who committed an offense prior to January 1, 1974, but are tried after that date.

It is a maxim of statutory construction that a court will not adopt an unconstitutional interpretation of a statute if constitutional alternatives are available. Applying this maxim, we interpret H. B. 511, Section 3, and R. C. 2945.71 to require that persons who committed an offense prior to January 1, 1974, and who were indicted and held in jail in lieu of bail on a felony charge after that date must be tried within two terms after the term of their indictment, or within ninety days of January 1, 1974, whichever is earlier.

Defendant's trial on February 19, 1974, was well within the provisions of this rule.

For his second assignment of error, defendant contends that the state failed to prove intent, an essential element to the crime of burglary.

Assignment of error No. 2 is without merit and overruled.

"The intent of an accused person dwells in his mind. Not being ascertainable by the exercise of any or all of the senses, it can never be proved by the direct testimony of

a third person and it need not be. It must be gathered from the surrounding facts and circumstances under proper instructions from the court." *State* v. *Huffman* (1936), 131 Ohio St. 27 (Syl. 4).

On the day of the offense, a passenger in a bus passing the scene of the crime "hollered out that someone was breaking a window." (Tr. 9.) The bus driver called Traffic Control, which, in turn, called the police. When the defendant was arrested he had one leg over a bar across the front door of the Three Star T. V. store. This leg was inside the door while his other leg was outside the door. The front window of the door had been broken, and defendant's hand was cut and bleeding.

From these facts and circumstances, a reasonable jury could conclude that the defendant had the requisite intent to commit a burglary.

*Judgment affirmed.*

SILBERT, P. J., and DAY, J., concur.