CITY OF COLUMBUS, APPELLEE, *v.* VEST, APPELLANT.

(No. 74AP-358—Decided December 10, 1974.)

*Mr. James J. Hughes, Jr.,* city attorney, *Mr. Daniel W. Johnson,* city prosecutor, and *Mr. Donald H. Rathbun,* for appellee.
*Mr. David C. O'Connor,* for appellant.

WHITESIDE, J. Defendant appeals from his conviction in the Franklin County Municipal Court of five violations of the traffic code of the city of Columbus and raises a single assignment of error as follows:

"The trial court did not follow the requirements set out in Section 2945.71 of the Ohio Revised Code, which required that for an offense of the type committed by defendant he should have been brought to trial within ninety (90) days from the date of his arrest. Or, in this case, within ninety (90) days after January 1, 1974, the effective date of this statute."

Defendant was arrested on September 28, 1973, and charged with the alleged violations. He entered a plea of not guilty to the charges on October 5, 1973, and requested a jury trial. A pretrial conference was scheduled for December 10, 1973, but, at the request of counsel for defend-

ant, it was continued until January 7, 1974, when it was held. Nothing further transpired in the case until April 10, 1974, when defendant filed a motion to dismiss pursuant to R. C. 2945.71. This motion was overruled on April 17, 1974, and a trial date of June 10, 1974, was set but was continued until July 10, 1974, at the request of the parties.

R. C. 2945.71(B) provides as follows:

"A person against whom a charge or misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:

"(1) Within forty-five days after his arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree, or other misdemeanor for which the maximum penalty is imprisonment for not more than sixty days;

"(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."

R. C. 2945.72 provides for certain extensions of time within which an accused must be brought to trial pursuant to R. C. 2945.71; however, none of those are contended to be applicable to this case. R. C. 2945.73(B) provides as follows:

"Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code."

Under the circumstances, it is quite clear that the charges against defendant should have been dismissed by the trial court upon his motion if R. C. 2945.71 to 2945.73 are applicable. In their present form, these sections became effective January 1, 1974. The city contends that the amended version of these sections cannot have retroactive application. We agree. However, that does not resolve the issue before the court. If the sections were applied retroactively, defendent could have been entitled to discharge when the new sections took effect. The issue before this court, however, is not whether the amendments to these sections can be retroactively applied but, rather, whether

the sections can be prospectively applied in proceedings pending on January 1, 1974.

The city further relies upon *Reynoldsburg* v. *Wesley* (1974), 39 Ohio Misc. 166, a decision of the Franklin County Municipal Court. We disapprove of that case, which holds that R. C. 2945.71 to 2945.73, effective January 1, 1974, are not applicable to arrests made prior to January 1, 1974. Both the Municipal Court in *Reynoldsburg* and the city herein rely upon Section 3 of Amended Substitute House Bill 511 in concluding that amended Sections 2945.71, et seq., do not apply to arrests made prior to January 1, 1974. Specifically, they rely upon the portion of Section 3, providing:

"* * * Persons charged with an offense, other than a capital offense, committed prior to the effective date specified in Section 4 of this act shall be prosecuted under the laws as it existed at the time the offense was committed. * * *"

That provision relates solely to the time that the offense was committed and not to the time of arrest; whereas, R. C. 2945.71, *et seq.*, are concerned solely with the time of arrest, regardless of when the offense was committed. The *non sequitur* of the Municipal Court's and the city's use of Section 3 is apparent when applied to an arrest made after January 1, 1974, for an offense committed prior thereto. Section 3 of Amended Substitute House Bill 511 requires a criminal offense committed prior to January 1, 1974, to be prosecuted under "the law" as it existed at the time the offense was committed, regardless of whether the arrest for such offense was made prior to, or subsequent to, January 1, 1974. On the other hand, if an arrest is made subsequent to January 1, 1974, for an offense committed prior thereto, R. C. 2945.71, *et seq.*, are clearly applicable and require that the accused be brought to trial within the time limitation set forth therein. It is quite obvious that "the law," to which Section 3 of Amended Substitute House Bill 511 refers, with respect to offenses committed prior to January 1, 1974, is the law defining the offense, rather than the law relating to procedure or limitations such as the requirement of a speedy trial.

However, it is also clear that the city did not com-

ply with the law in effect prior to January 1, 1974, as to the time in which the accused was to be brought to trial. R. C. 2938.03, which was neither amended nor repealed by the new criminal code, provides, in pertinent part:

"The magistrate, or judge or clerk of court of record, shall set all criminal cases for a trial at a date not later than thirty days after plea is received * * *. Continuances beyond such date shall be granted only upon notice to the opposing party and for good cause shown."

The applicability of that section is set forth in R. C. 2938.02, as follows:

"The provisions of Chapter 2938 of the Revised Code shall apply to trial on the merits of any misdemeanor, [and] ordinance offense * * * which may be instituted in and retained for trial on the merits in any court or before any magistrate inferior to the court of common pleas * * *."

Accordingly, there was a statutory duty upon the Municipal Court to bring the defendant to trial within thirty days after the entering of his plea of not guilty on October 5, 1973. There is no record of any continuance being granted, and, in any event, there would have to be notice to the opposing party and good cause affirmatively shown on the record. See *East Cleveland* v. *Gilbert* (1970), 24 Ohio St. 2d 63. See, also, R. C. 2945.02.

The city further contends that former R. C. 2945.71, *et seq.*, did not apply to misdemeanors. However, R. C. 2938.15 provides as follows:

"The rules of evidence and procedure, including those governing notices, proof of special matters, depositions, and joinder of defendants and offenses set forth in Chapter 2945. of the Revised Code, which are not, by their nature, inapplicable to the trial of misdemeanors, shall prevail in trials under Chapter 2938. of the Revised Code where no special provision is made in such chapter, or where no provision is made by rule of the supreme court adopted pursuant to section 2937.46 of the Revised Code."

Although it is not necessary to resolve the issue in this case, it is arguable that, pursuant to R. C. 2938.15, the time limitation and discharge provisions of R. C. 2945.71, as they existed prior to January 1, 1974, were applicable to misdemeanors.

The city further contends that R. C. 1.58 precludes amended R. C. 2945.71, *et seq.*, from controlling in this case, which was a pending proceeding upon the effective date of the amendment. That section does not resolve the issue before us. R. C. 1.58(A)(4) does provide that the amendment of a statute does not "affect any * * * proceeding * * * in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment; and the * * * proceeding * * * may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended." In the instant case, however, there was no pending proceeding with respect to the penalty or forfeiture imposed by R. C. 2945.-71, which is the statute amended. In other words, there were no proceedings pending on January 1, 1974, for enforcement of R. C. 2945.71, *et seq.* R. C. 1.58 has no effect upon the issue before us.

R. C. 1.47, however, provides:

"In enacting a statute, it is presumed that:

"(A) Compliance with the constitutions of the state and of the United States is intended;

"(B) The entire statute is intended to be effective;

"(C) A just and reasonable result is intended;

"(D) A result feasible of execution is intended."

The same principle applies to amendments. Thus, in applying R C . 2945.71, *et seq.*, we must presume the intention existed to comply with the constitution and that a just and reasonable result was intended.

This court has previously had occasion to consider the new law in this regard, with respect to felonies, in the unreported case of *State* v. *Thornton*, No. 74AP-249, Court of Appeals for Franklin County, August 27, 1974 (1974 Decisions, page 2166). In the course of the opinion, a decision of the Eighth District Court of Appeals was referred to which found amended R. C. 2945.71, *et seq.*, to be applicable to pending proceedings prospectively. That case was *State* v. *Perkins* (1974), 40 Ohio App. 2d 406.

One of the problems raised herein and discussed in *Thornton* is the problem of the constitutionality of the application of R. C. 2945.71, *et seq.*, in the manner found by the Municipal Court and contended by the city. Discrimina-

tion is readily apparent, and the question is whether that discrimination is of sufficient significance to be a denial of equal protection unless the statute is construed to apply to pending proceedings. It is quite clear that a person arrested on January 7, 1974 (for an offense committed either before or after January 1, 1974), would have had to have been discharged pursuant to R. C. 2945.71 if not brought to trial by the time that defendant filed his motion for discharge herein. That was the date upon which defendant's pretrial was held. This was already more than ninety days after he entered his plea of not guilty and demanded a jury trial. In other words, under the application of the law as contended by the city, a person arrested on the day of defendant's pretrial hearing would be entitled to a speedier trial than defendant. This is obviously neither a just and reasonable result nor a strict compliance with the constitutional requirement of equal protection.

R. C. 1.48 provides: "A statute is presumed to be prospective in its operation unless expressly made retrospective." Applying the principle of that section we find that, with respect to arrests made prior to January 1, 1974, the application or time limitations of R. C. 2945.71 *et seq.*, are to be computed from January 1, 1974, rather than the actual date of the arrest. This is necessary both to afford full equal protection, a just and reasonable result, and only prospective operation of the statutes. In this case, defendant was not brought to trial within the time specified by R. C. 2941.71, no continuance was sought or granted pursuant to R. C. 2945.72, and, accordingly, defendant must be discharged pursuant to R. C. 2945.73.

For the foregoing reasons, the assignment of error is sustained, and the judgments of the Franklin County Municipal Court are reversed, and these causes are remanded to that court for action in accordance with law, consistent with this decision.

*Judgment reversed and cause remanded.*

Troop, P. J., and Strausbaugh, J., concur.