THE STATE OF OHIO, APPELLANT, *v.* BOUND, APPELLEE.

(No. 33814—Decided January 16, 1975.)

*Mr. Ray F. Gricar,* for appellant.
*Mr. Edward R. Becker, Jr.,* for appellee.

CORRIGAN, J. The State of Ohio appeals the trial court's finding that defendant's constitutional rights to a speedy trial have been violated. As a result of undercover work by its agents the West Shore Enforcement Bureau had information indicating that on January 9, 1972 defendant was guilty of possession for sale and sale of heroin. Nine months later, on October 5, 1972, defendant was secretly indicted and a capias for his arrest was immediately issued. It was not until December 21, 1973, fourteen months later, that defendant was arrested. He was subsequently permitted to withdraw a previously entered plea of guilty and in May of 1974 he filed a "Motion to Quash" the indictment for lack of a speedy trial.

The state went forward at the hearing on the motion to quash and presented a detective and the arresting of-

ficer. The detective testified that the nine month delay from crime to indictment was due to the fact that an agent's usefulness is terminated once an indictment is returned. He also testified that the efforts to find the defendant over the fourteen month period from indictment to arrest consisted of talking with defendant's parents at his last known address and checking with friends and places he normally frequented. These attempts to locate the defendant were made periodically but the detective could not say how often. He also testified that in 1968 the defendant had gone by the name of Joseph Sachowitz.

The arresting officer testified that information as to the defendant's whereabouts was received from a person found driving a car with license plates listed in the name of either the defendant or his father. When the police arrived at the address given, an apartment located at 8700 Detroit Avenue, the defendant's name was not on the mailbox and before admitting that he was William Bound the defendant first identified himself as Bill Zarnt and then as LaMont Cranston, one of the names appearing on the mailbox.

At the hearing the defendant then presented nine witnesses the first of whom testified as to defendant's employment prior to the indictment. The other eight witnesses were all associated with Cleveland State University and each testified that defendant was a highly respected student and participant in CSU social studies classes and programs and that he was known to them only as William Bound and had never used the names Joseph Sachowitz, Bill Zarnt, or LaMont Cranston. Being involved in a work-study program he was employed by the University from January to September of 1973 and worked at a "community house" from September to the time of his arrest. In January of 1973 the defendant registered his address at the University as 11029 Detroit Avenue but thereafter changed it to 8484 Fry.

At the close of the hearing the court stated:

"The Court finds in this case that there was an unreasonable delay in bringing the defendant to trial, a delay that was not caused by the defendant and by reason there-

of the defendant's constitutional rights to a speedy trial have been violated.

"Therefore the defendant's motion to quash the indictment against him is granted."

The state appeals that ruling setting forth the following three assignments of error:

1. The trial court erred in conducting a hearing on and subsequently granting defendant-appellee's motion to quash because no such motion exists under the Ohio Rules of Criminal Procedure.

2. The trial court erred in granting appellee's motion to quash the indictment for failure to grant a speedy trial because the delay involved was neither excessive nor unreasonably caused and appellee failed to show any specific prejudice or harm caused by the delay.

3. The trial court erred in failing to state findings of fact and reasons for its dismissal over appellant's objection, of appellee's indictment although so required to under Criminal Rule 48(B).

The first assignment of error is without merit. Although motions to quash have been abolished and replaced by a motion to dismiss,[1] it was clearly not the intent of the legislature to deprive a defendant of his right to be heard on the question of whether a constitutional protection has been violated because he improperly titled his motion "Motion to Quash" rather than "Motion to Dismiss." Criminal Rule 52(A) provides that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." The trial court properly disregarded the fact that the motion did not carry the appropriate caption.

---

[1] Rule 12(A) of the Rules of Criminal Procedure provides:

Pleadings in criminal proceedings shall be the complaint, and the indictment or information, and the pleas of not guilty, not guilty by reason of insanity, guilty, and no contest. All other pleas, demurrers, and motions to quash, are abolished. Defenses and objections raised before trial which heretofore could have been raised by one or more of them shall be raised only by motion to dismiss or to grant appropriate relief, as provided in these rules.

The second and third assignments of error are best considered together. The statutory provisions in Ohio for the discharge of a defendant when his trial has been delayed are set forth in R. C. 2945.71, R. C. 2945.72, and R. C. 2945.73. Those statutes were modified since the time of defendant's arrest but it is clear that neither the former nor the present provisions have been violated here. The former provisions measured the time of delay from indictment but pertained only to persons detained in jail or held to bail. Defendant executed a bond and his case was heard well within the time prescribed by former R. C. 2945.72.[2] The present provisions measure the time of delay from arrest and again defendant was brought to trial well within the time set forth in present R. C. 2945.71.[3]

Since there has been no statutory violation the burden is upon defendant to demonstrate that his constitutional right to a speedy trial has been denied. In passing upon that question the trial court must take into consideration the four factors of length of delay, reason for delay, assertion of the right, and resulting prejudice. *Barker* v. *Wingo* (1972), 407 U. S. 514. It is not essential that the defendant affirmatively demonstrate prejudice. *Moore* v. *Arizona* (1973), 414 U. S. 25. None of the factors is a nec-

[2]Former R. C. 2945.72 provided:

A person shall not be held by recognizance without trial for a period of more than three terms to answer an indictment or information, not including a term at which a recognizance was first taken thereon, if taken in term time. He shall be discharged unless a continuance is had on his motion, or the delay is caused by his act, or there is not time to try him at such third term, in which case he shall be brought to trial at the next term or be discharged.

[3]Present R. C. 2945.71 in pertinent part provides:

(C) A person against whom a charge of felony is pending:

(1) Shall be accorded a preliminary hearing within fifteen days after his arrest;

(2) Shall be brought to trial within two hundred seventy days after his arrest.

(D) For purposes of computing time under divisions (A), (B), and (C) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days.

essary condition to the finding of a deprivation of the right.

"Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process." *Barker* v. *Wingo, supra.*

Clearly in this situation the trial judge is called upon to exercise his discretion in weighing and balancing the factors involved as opposed to the case where the statutes are applicable and the decision consists of applying those statutes to the facts of the case.

On appeal we must determine whether the trial court's ruling is supported by the evidence or whether the court abused its discretion by making a finding that is manifestly against the weight of the evidence. In this case it is therefore necessary that we examine the evidence as it relates to each of the four factors set out above in the same manner as the trial court applied the evidence to each factor. It is in this way, and no other, that we can rule upon the question of whether the trial court abused its discretion or whether its finding is supported by the evidence. We cannot apply evidence to one factor when the trial court in fact found no evidence of that factor. Therefore, it is necessary that we have before us the trial court's findings of fact and reasons for dismissal as required by Criminal Rule 48(B)[4]. Without those findings and reasons we are unable to determine this appeal.

The trial court stated only that there was an unreasonable delay not caused by the defendant.[5] Although we can assume, based upon the evidence, that the court found that

---

[4]Rule 48(B) of the Criminal Rules of Procedure provides:

If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal.

[5]The language used by the trial court is similar to the language contained in former R. C. 2945.72 and raises the question of whether the court considered an inapplicable statute. Because the requirements of Criminal Rule 48(B) have not been met, that question remains unanswered.

the defendant made a proper and timely assertion of his right, without specific findings we have no way of knowing what weight the trial court gave to the factors of length of delay, reason for delay, and resulting prejudice. Nor can we apply the evidence to these factors and determine whether the defendant has demonstrated a denial of the right because we may be finding evidence of one factor when the court below did not, thereby substituting our judgment for that of the trier of the facts and passing upon the credibility of witnesses.

Concisely stated we find ourselves in the dilemma of not knowing whether the trial court found the delay unreasonable because of its length, because the police could have found the defendant with reasonable diligence, because his case was prejudiced by the delay, or because of a combination of any or all of these factors. The ruling was a matter of discretion and we cannot pass upon its abuse without specific findings before us. Accordingly, the third assignment of error is well taken and for that reason we cannot pass upon the second assignment of error. The cause is remanded to the Common Pleas Court for findings of fact and reasons for the dismissal pursuant to Criminal Rule 48(B).

No other error appearing in the record, this cause is remanded to the Common Pleas Court for findings of fact and reasons for the dismissal pursuant to Criminal Rule 48(B).

*Judgment reversed and cause remanded.*

COOK, J., concurs.
DAY, J., dissents.


COOK, J., of the Eleventh Appellate District, sitting by designation in the Eighth Appellate District.


DAY, J., dissenting. The crucial issue in this case is whether the defendant, William J. Bound, was properly dis-

charged by the trial court on motion to quash for lack of a speedy trial.

Defendant was charged with a non-capital offense allegedly committed on January 9, 1972, before the effective date[6] of the provisions of the new criminal code governing such offenses. He was indicted on October 6, 1972.

He was not arrested, detained in jail, held on recognizance or otherwise under the control of the authorities until his arrest on December 21, 1973. Therefore, neither the former nor the amended versions of the Ohio Criminal Code controlling speedy trial applied to him.[7] Nevertheless, he was under the protection of the Constitutions of the United States and of the State of Ohio. Apparently applying the provisions of those documents[8] the trial judge, after allowing the defendant to withdraw a plea of guilty, granted defendant's motion to quash.[9]

Constitutional speedy trial is to be determined under federal constitutional standards by a consideration of four factors, "length of delay, reason for delay, defendant's assertion of his right, and prejudice to the defendant," *Barker* v. *Wingo* (1972), 407 U. S. 514, 530, 33 L. Ed. 2d 101, 117. However, the defendant need not make an "affirmative demonstration" of prejudice to establish a federal claim for lack of speedy trial. See *Moore* v. *Arizona* (1973), 414 U. S. 25, 25-28, 38 L. Ed. 2d 183, 185-186. What is re-

---

[6]January 1, 1974.

[7]See *State* v. *Perkins* (1974), 40 Ohio App. 2d 406, a decision of this court which effects a reconciliation of old and new statutory speedy trial provisions to comport with constitutional provisions for Equal Protection.

[8]See the statement by the Court at Tr. 72:

"THE COURT: The Court finds in this case that there was an unreasonable delay in bringing the defendant to trial, a delay that was not caused by the defendant and by reason thereof the defendant's constitutional rights to a speedy trial have been violated.

"Therefore the defendant's motion to quash the indictment against him is granted."

[9]I agree with the majority disposition of Assignment of Error No. I where the issue was the propriety of a motion to quash—a procedure device not recognized under the New Rules of Criminal Procedure effective July 1, 1973,

quired is a balancing of the factors announced in *Wingo* to weigh the conduct of both the prosecution and the defendant. The blend of factors will determine on an ad hoc basis whether a defendant has been denied a speedy trial. *Barker* v. *Wingo*, 407 U. S. 529-533, 33 L. Ed. 2d 116-119, for:

"... none of the four factors identified above ... [is] either a *necessary or sufficient condition* to the finding of a deprivation of the right of a speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process ..." *Id.* 407 U. S. 533, 33 L. Ed. 2d 118. (Emphasis added).

While the Supreme Court of the United States has declined to consider pre-arrest delay as activating speedy trial considerations, *United States* v. *Marion* (1971), 404 U. S. 307, 321, 30 L. Ed. 2d 468, 479, the federal position does not mark the outer limit to which a state may go in protecting rights. See *Ker* v. *California* (1963), 374 U. S. 23, 33-34, 10 L. Ed. 2d 726, 737-738.[10] Ohio is a state that has gone beyond the federal constitutional standard and does consider the time before charge in determining speedy trial. *State* v. *Meeker* (1971), 26 Ohio St. 2d 9, 18. Because the state could have charged the defendant in *Meeker* with four crimes at the time of his apprehension but chose to confine the indictment to one until six years later, the uncharged three were vulnerable to dismissal for lack of a speedy trial.

The action of the trial judge in the present case is protected by the presumption of regularity. This presumption necessarily includes the proposition that he was aware of the law of Ohio at the time of his ruling. Under *Meeker* he was privileged to consider pre-indictment as well as post-indictment delay (a period of more than 2 years before the initial plea), the activity of the state in its efforts to ap-

---

[10]There is a possible implication in the *Marion* case that the question of the effect of actual prejudice due to a pre-arrest delay is still open, *United States* v. *Marion*, 404 U. S. at 321-322.

prehend the defendant after the crime and after the indictment, the reasons which motivated activity or lack of it during both periods, and the degree to which the defendant's own actions may have made him notorious and available or, conversely, contributed to the delay.

Considering the trial judge's obligation to weigh the evidence germane to the motion, his obligation to blend factors without investing any one of them with "talismanic" quality, his obligation under Ohio law to consider pre-indictment as well as post-indictment delay, and the presumption of legality which accompanies his acts, his decision cannot be overturned by a reviewing court unless it can be said that he abused his discretion.

If abuse of discretion means in this instance that no reasonable mind could have concluded as the trial judge did,[11] I disagree. If it means "perversity of will, passion, prejudice, partiality or moral delinquency,"[12] I am even less persuaded. And were the abuse to mean no more than " 'an unreasonable abitrary or unconscionable attitude on the part of the court,' "[13] I cannot agree that on this record the trial judge's action deserves the brand, "unreasonable, arbitrary or unconscionable."

I would affirm.

---

[11]Not every abuse of discretion involves arrival at a conclusion that no reasonable mind could reach on the evidence. But it would seem that any such unsupported conclusion would be an example of such abuse.

[12]*Alliance* v. *Joyce* (1892), 49 Ohio St. 7, 22, quoting Hogeboom, J., in *The People* v. *NYCRR CO.* (1864), 29 N. Y. 418, 431.

[13]This is a quote in *State, ex rel.,* v. *Turnpike* (1953), 159 Ohio St. 581, 590-591, attributed to *Steiner* v. *Custer* (1940), 137 Ohio St. 448. The quote is from the syllabus and, given the Ohio view of syllabi in Supreme Court opinions, is accurate. This exact rhetoric does not appear in the text in *Steiner* but clearly the spirit is there.