The STATE of Ohio, Appellant,

v.

ESTRADA, Appellee.

[Cite as *State v. Estrada* (1998), 126 Ohio App.3d 553.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 96–CA–3.

Decided March 9, 1998.

2365; *State v. Nemeckay* (Dec. 20, 1990), Cuyahoga App. No. 57235, unreported, 1990 WL 210233.

*Janice O'Halloran,* Mahoning County Assistant Prosecuting Attorney, for appellant.

*James R. Wise,* for appellee.

WAITE, Judge.

This appeal arises out of a judgment rendered by the Mahoning County Court of Common Pleas, dismissing an indictment against appellee Victor Estrada. Appellant argues that the trial court erroneously dismissed the indictment, as the statute under which appellee was charged applied to the circumstances of the case, *i.e.,* the discharging of a firearm into a convenience store. For the following reasons, this court affirms the judgment of the trial court.

On July 14, 1995, the Mahoning County Grand Jury indicted appellee for improperly discharging a firearm at or into a habitation or school, a violation of R.C. 2923.161(A)(C) and a felony of the third degree. The indictment read: "[O]n or about the 1st day of June, 1995, at Mahoning County, VICTOR

ESTRADA, did knowingly without privilege to do so, discharge a firearm at or into an occupied structure, to wit: Jordan Market, 1510 Market, Youngstown, Ohio, that is a permanent or temporary habitation of Abdalla Shakhatreh."

On October 30, 1995, counsel for appellee filed a motion to dismiss the indictment, arguing that appellee was improperly charged under R.C. 2923.161(A), as the convenience store into which appellee allegedly discharged the firearm was an "occupied structure," but not a "permanent or temporary habitation" as further required under the statute. On November 1, 1995, the trial court overruled the motion and set the case for trial on December 13, 1995.

According to the statement of facts recited by appellant in its brief and agreed to by appellee, the trial court held a hearing on the motion to dismiss on December 13, 1995 in lieu of proceeding to trial. On December 27, 1995, the trial court issued an entry sustaining the motion to dismiss filed by appellee and vacating its previous entry. No other findings of fact or reasons for the dismissal were specified in the entry. Both appellant and appellee agree that a hearing was held on the motion to dismiss on December 13, 1995 and that as a result of that hearing, appellee's motion was granted and the indictment was dismissed. No transcript of the hearing was filed with this court, although it was referred to in appellant's brief.

 This court first addresses the failure of the trial court to provide findings of fact and reasons for dismissal in its judgment entry. Crim.R. 48(B) provides that if a court dismisses an indictment over state objection, the court "shall state on the record its findings of fact and reasons for the dismissal." Failing to comply with Crim.R. 48(B) requires a remand to the trial court in certain instances for findings of fact and reasons for dismissal so that the reviewing court can rule upon the assignments of error. *State v. Bound* (1975), 43 Ohio App.2d 44, 72 O.O.2d 197, 332 N.E.2d 366. *Bound* does not require a remand in all cases. A remand is not necessary when the record contains sufficient information for the assignments of error to be adequately addressed. The instant case appears to fit into this exception to *Bound*. The facts are not in dispute, and the indictment was clearly discharged on appellee's motion to dismiss and memorandum stating that appellee was charged under an inapplicable statute. While this court finds that the trial court may have erred in failing to state its findings of fact and reasons for dismissal, this failure was harmless error, as it did not prejudice the state's appeal. Crim.R. 52(A).

Appellant argues that the trial court abused its discretion in dismissing the indictment because establishing that the store was a habitation is an element of the offense to be proven at trial; it is a matter for the factfinders to evaluate. Appellant refers to the hearing held on the motion to dismiss, but has failed to

provide this court with a transcript of the hearing that presumably addressed the very heart of the issue raised on appeal.

■ Pursuant to App. R. 9(B), it is the appellant's duty to order and provide a transcript to this court. No transcript exists in the record. Appellant could have filed a statement of the evidence under App.R. 9(C), and/or an agreed statement of the record under App.R. 9(D) if the transcript was unavailable. This was not done.

■■ Accordingly, absent a transcript of proceedings, this court must presume that the proceedings before the trial court were proper. *State v. McKinney* (Feb. 8, 1991), Mahoning App. No. 89 C.A. 123, unreported 1991 WL 17313, citing *State v. Brandon* (1989), 45 Ohio St.3d 85, 87, 543 N.E.2d 501, 503–504. *Brandon* held that "if the presumption of a given set of facts is necessary, we must presume the set of facts that validates, rather than invalidates, the judgment." *Id.* In *Kollar v. Canfield Auto. Repair Serv.* (Dec. 17, 1992), Mahoning App. No. 91 C.A. 82, unreported, 1992 WL 380278, this court held: "A presumption of validity attends the trial court's action" and "in the absence of an adequate record, which is the appellant's responsibility, see App.R. 9 * * * , we are unable to evaluate the merits of the assignment[ ] of error." Quoting *Volodkevich v. Volodkevich* (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237, 1238.

Since information is lacking upon which we can adequately review the substance of the hearing held December 13, 1995 on the motion to dismiss, we are unable to evaluate the merits of appellant's assignment of error and must presume that the trial court's granting of the motion is valid.

Consequently, this court finds that appellant's assignment of error is overruled. The trial court's judgment is presumed correct and is hereby affirmed.

*Judgment affirmed.*

GENE DONOFRIO and COX, JJ., concur.