DECISION AND JUDGMENT ENTRY
This is a pro se accelerated appeal from a January 26, 2000 judgment entry of the Erie County Court of Common Pleas in which the court sentenced appellant, Heather E. Walls, to serve two separate eleven month terms in jail consecutively. Prior to the sentencing, appellant entered guilty pleas to one charge of theft, a violation of R.C. 2913.02(A)(2), and to one charge of forgery, a violation of R.C.2913.31(A)(2).
Appellant has presented two assignments of error for review that are:
"ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO MAKE THE FINDINGS REQUIRED BY SECTIONS 2929.13(B) AND 2929.14(B)(C) OF THE OHIO REVISED CODE PRIOR TO IMPOSING WHAT AMOUNTS TO THE MAXIMUM SENTENCE
"ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO CONSECUTIVE SENTENCES WITHOUT MAKING A FINDING THAT GIVES ITS REASON FOR IMPOSING CONSECUTIVE SENTENCES AS REQUIRED BY SECTIONS 2929.14(E)(4)(a) THROUGH (c) AND SECTIONS 2929.19(B)(2)(a) (c) [SIC] OF THE OHIO REVISED CODE"
For the reasons that follow, we find neither assignment of error well-taken.
First, we note that appellant's appeal is properly before this court, even though she did not comply with the requirement found in R.C. 2953.08(c) to file a motion in this court for leave to appeal her sentence on the basis that the sentencing judge imposed consecutive sentences pursuant to R.C.2929.14(E)(3) or (4) and that the aggregate of the sentences is longer than the maximum sentence that the court could have imposed for appellant's most serious crime. While appellant's first assignment of error does challenge her consecutive sentences because the aggregate of the sentences is longer than the maximum sentence that could have been imposed for her most serious crime, she also presents a second assignment of error in which she challenges her consecutive sentences on the basis that they are contrary to law, since the trial court failed to specify that it considered mandatory statutory factors before it imposed the consecutive sentences. Therefore, the following provision of App.R. 5(C) applies to this case and waives any necessity for appellant to file a separate motion to seek leave to appeal her consecutive sentences:
 "(C)(2) Leave to appeal consecutive sentences incorporated into appeal as of right. When a criminal defendant has filed a notice of appeal pursuant to App.R. 4, the defendant may elect to incorporate in defendant's initial appellate brief an assignment of error pursuant to R.C. 2953.08(C), and the assignment of error shall be deemed to constitute a timely motion for leave to appeal pursuant to R.C. 2953.08(C)." See, also, State v. Albert (1997), 124 Ohio App.3d 225, 230; State v. Brown (July 20, 2000), Cuyahoga App. No. 76654, unreported; State v. Sanders (May 19, 2000), Cuyahoga App. No. 75398, unreported; and State v. Staats
(Aug. 23, 1999), Stark App. No. 1977CA00350, unreported.
Appellant argues in support of her assignments of error that the trial court failed to make the findings required by the provisions of R.C. 2929.13(B) and R.C. 2929.14(B) and (C) before it imposed consecutive sentences, and that the trial court failed to state its reasons for imposing consecutive sentences as required by R.C. 2929.14(E)(4)(a) through (c) and by R.C.2929.19(B)(2)(a) and (c). The Supreme Court of Ohio has indicated that a trial court must follow directives found in statutes to make findings or to state reasons before certain sentences are imposed. State v. Edmonson (1999), 86 Ohio St.3d 324, 326. However, the trial court may comply with those requirements either at the sentencing hearing, or through its sentencing judgment entry.Id. at 326. In this case, appellant has not provided this court with a transcript of the sentencing hearing.[1] Therefore, even though the sentencing judgment entry does not specify that the trial court considered the factors found in R.C. 2929.14 and does not contain the reasons why the trial court imposed consecutive sentences as required by R.C. 2929.14(E), we must presume that the trial court did comply with these requirements at the sentencing hearing. See State v.Estrada (1998), 126 Ohio App.3d 553, 556. Accordingly, appellant's first and second assignments of error are not well-taken.
The judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
 ___________________ HANDWORK, J.
 Melvin L. Resnick, J., James R. Sherck, J., JUDGES CONCUR.
[1] The record does contain a praecipe in which appellant indicates she wants a partial transcript included in the record containing her change of plea and the sentencing proceedings. However, 6th Dist.Loc.App.R. 3(B) provides, in pertinent part:
 "If a transcript of proceedings is to be filed in accordance with App.R. 9(B), a copy of the notice of appeal with praecipe and docketing statement shall be served by the clerk of the trial court upon the court reporter. The appellant, however, shall be responsible for contacting the court reporter to order the transcript of proceedings. Appellant shall also be responsible for the filing of such transcript of proceedings with the clerk of the trial court in accordance with App.R. 9(B). The court reporter shall prepare those portions, and only those portions, of the transcript enumerated in the praecipe, subject to being made secure in the payment of his or her fees." (Emphasis added).
Even though appellant is acting pro se, she is still held to the same rules and procedures as litigants who are represented by attorneys. See Meyers v. First National Bank (1981), 3 Ohio App.3d 209,210. Therefore, appellant had the obligation to contact the court reporter to order the partial transcript and to arrange payment for the transcript. See, also, App.R.9(B). Since appellant is indigent, she needed to arrange payment for the transcript by filing a motion in the trial court seeking the transcript at state expense. See 6th Dist.Loc.App.R. 14(A).