OPINION
{¶ 1} This is an appeal of the decision to grant a Motion for Remittitur in a medical malpractice case. The judgment of the trial court is affirmed because prior to trial Appellant agreed, in the presence of the trial judge, that any award of damages would be reduced to reflect the actual medical bills that were paid.
 {¶ 2} Although this matter was decided at a jury trial, the trial transcript was not included as part of the record on appeal. The limited record reveals that Elizabeth Bitsko was treated by Appellee HM Health Services. Ms. Bitsko died in treatment. On February 24, 2000, Appellant Frances Kachmar, executor of the estate of Ms. Bitsko, filed a wrongful death complaint against Appellee in the Mahoning County Court of Common Pleas. Jury trial was set for December 10, 2001.
 {¶ 3} On December 7, 2001, Appellant filed a Motion in Limine to prevent Appellee from introducing evidence which might violate the collateral source rule. The collateral source rule prevents a jury from hearing evidence regarding payments made to compensate the plaintiff's injuries that derive from sources apart from, i.e., collateral to, the defendant. Pryor v. Webber (1970), 23 Ohio St.2d 104, 108, 263 N.E.2d 235. There is nothing in the record indicating how the court ruled on the motion.
 {¶ 4} The trial was held on December 10, 2001, and the jury returned its verdict the same day. The jury returned three separate interrogatories all finding in favor of Appellant. The jury awarded total damages of $78,110.79. The trial court filed a judgment entry on December 18, 2001, ordering judgment in favor of Appellant of $78,110.79.
 {¶ 5} On December 19, 2001, Appellee filed a Motion for Remittitur. Appellee requested that the jury award be reduced pursuant to an agreement that Appellant made, in the presence of the trial judge, to have any jury award reduced to reflect only actual medical expenses paid by Medicare, rather than to allow damages based on the original hospital invoices. Appellee requested that the damages award be reduced to $21,939.88. Appellant filed a rebuttal to Appellee's motion on January 22, 2002.
 {¶ 6} On February 20, 2002, the trial court filed a judgment entry granting Appellee's motion, although not for the full amount requested. The court stated that, "[p]rior to the trial of this action, plaintiff's counsel sat in the court's chambers and advised the court that once the verdict was returned, the court should make the appropriate reduction to reflect the actual medical bills paid in this case." (2/20/02 J.E.) The court amended its judgment to reflect that the award for damages was reduced to $29,682.11.
 {¶ 7} Appellant filed this timely appeal on March 5, 2002.
 {¶ 8} Appellant's sole assignment of error asserts:
 {¶ 9} "THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT'S MOTION FOR REMITTITER [sic] WHEN IT CONCLUDED THAT THE APPELLEE IS ENTITLED TO REMITTITUR OF THE DIFFERENCE BETWEEN THE BILLS SUBMITTED INTO EVIDENCE AND THE BILLS ACTUALLY PAID BY MEDICARE."
 {¶ 10} Without pointing to any evidence in the record, presumably because the trial transcripts and exhibits were not made part of the record on appeal, Appellant attempts to argue that the trial court had no authority to reduce the damage award based on payments made by Medicare to Appellee. This Court cannot verify any of the facts involved in Appellant's argument, and therefore, it is impossible to review the argument in any useful form.
 {¶ 11} Appellant makes a general argument that, under the collateral source rule, evidence of collateral payments (i.e., payments to compensate the plaintiff's loss made by anyone else other than the defendant) should not be permitted into evidence. Appellant argues that some types of Medicare payments are covered by the collateral source rule and should not be mentioned at trial or considered when calculating damages, citing Hodge v. Middletown Hosp. Assn. (1991), 62 Ohio St.3d 236,581 N.E.2d 529.
 {¶ 12} The collateral source rule in a sense permits double recovery to a plaintiff, and is an exception to the general rule that compensatory damages are only intended to make the plaintiff whole after a loss. Pryor, supra, 23 Ohio St.2d at 107-108, 263 N.E.2d 235. Appellant argues that the jury was free to award the full amount of medical expenses which were billed, regardless of any amounts also paid by Medicare, and that the trial judge had no authority to reduce the jury award to reflect amounts actually paid by Medicare.
 {¶ 13} Appellee contends that the collateral source rule is not implicated in this case. Appellee argues that the real issue at hand is whether a plaintiff may collect as damages the original amount billed by a hospital or only the amount that the hospital actually accepts asfinal payment in full for the services rendered, regardless of who actually pays the bill. Appellee argues that the trial court reduced the final damage award to the amount that was actually accepted as final payment by the medical service providers involved. Appellee cites a Pennsylvania case as his primary support that a plaintiff may only collect as damages the amount actually paid, by whichever party, for the medical services. Moorhead v. Crozer Chester Medical Ctr. (2001),564 Pa. 156, 765 A.2d 786.
 {¶ 14} More importantly, Appellee argues that Appellant agreed before trial to have the trial judge reduce any damages award to conform to the amount that the medical providers actually accepted as final payment. Appellee argues that remittitur was appropriate in this case because of Appellant's prior agreement to reduce the damages award.
 {¶ 15} Although the parties frame their arguments around the concept of remittitur, this appeal does not actually involve a remittitur situation. Remittitur gives the plaintiff the option of accepting a lower damages award (as determined by the trial judge) or receiving a new trial. "`Where the damages assessed by a jury are excessive, but not in a degree to necessarily imply the influence of passion or prejudice in their finding, the court, in the exercise of a sound discretion, may make the remittitur of the excess the condition of refusing to grant a new trial.'" Larrissey v. Norwalk Truck Lines (1951), 155 Ohio St. 207, 219,98 N.E.2d 419. "[I]f the trial court, without abuse of discretion, finds that the verdict is so excessive as to require a remittitur, but that it was not given under the influence of passion or prejudice, such court may, with the assent of plaintiff, reduce the verdict by remittitur to an amount deemed warranted by the evidence." (Emphasis added.) Id. at paragraph five of the syllabus. "A plaintiff accepts remittitur in lieu of a new trial." Wightman v. Consolidated Rail Corp. (1999),86 Ohio St.3d 431, 444, 715 N.E.2d 546. Remittitur involves the plaintiff voluntarily giving back, i.e., remitting, part of the damages awarded in order to avoid a new trial. Iron R. Co. v. Mowery (1881),36 Ohio St. 418, 423.
 {¶ 16} This case does not conform to the definitions of remittitur cited above. The trial court never offered Appellant a chance for a new trial. Rather, the trial court merely implemented a prior agreement the parties made involving damages. In essence, the February 20, 2002, Judgment Entry is a Nunc Pro Tunc Agreed Judgment Entry. These distinctions are significant because remittitur is reviewable on appeal only if the defendant has initiated and pursued an appealable issue, which has not occurred in this case: "[A] plaintiff who accepts a remittitur may appeal the trial court's determination of the damage issue if the opposing party appeals any issue." Wightman v. Consolidated RailCorp. (1999), 86 Ohio St.3d 431, 444, 715 N.E.2d 546. The reason for restricting review of remittitur cases is because, when remittitur has actually occurred, the plaintiff has voluntarily accepted the reduced award after a verdict has been reached. Because remittitur is a voluntary decision made by the plaintiff after a verdict is rendered, and because remittitur is intended to reduce litigation, plaintiffs are restricted in their right to appeal the result. Id. Therefore, if this were truly a remittitur case, this Court would be barred from reviewing the issues raised by Appellant, pursuant to Wightman.
 {¶ 17} Appellee's motion for remittitur was, in actuality, a motion for the trial court to enforce a pretrial agreement. Appellant has, for all practical purposes, conceded that the agreement occurred as stated by Judge Evans in the February 20, 2002, Judgment Entry. Appellant's brief states: "[g]iven that this is the Trial Court's recollection, counsel for Appellant does not take issue with this." (5/2/02 Brief, p. 6.)
 {¶ 18} Without a trial transcript or the trial exhibits and without some further record of what transpired in the trial judge's chambers pursuant to App.R. 9(C), this Court must presume that the trial court made the correct adjustment in the February 20, 2002, Judgment Entry. State v. Estrada (1998), 126 Ohio App.3d 553, 556, 710 N.E.2d 1168.
 {¶ 19} The trial court interpreted the pretrial agreement to mean that any damages award would be reduced to conform to the actual amounts accepted as payment in full for the medical services rendered. While Appellant's arguments may be compelling, Appellant has not provided the proper record for challenging the trial court's interpretations of the pretrial agreement. Based on Appellant's pretrial agreement, we hereby overrule his single assignment of error and we affirm the decision of the trial court.
Donofrio, J. and DeGenaro, J., concurs.