DECISION AND JUDGMENT ENTRY
{¶ 1} This is a state's appeal from an order of the Fremont Municipal Court, dismissing with prejudice a misdemeanor charge of selling beer to an underage person. For the reasons that follow, we affirm.
 {¶ 2} Appellee, Jason G. Cope, was charged with a violation of R.C.4301.69 for allegedly selling beer to an 18 year old on November 8, 2002. Appellee pled not guilty and the matter proceeded to a trial before a jury on April 24, 2003. During the trial, the parties argued over the mens rea associated with the offense. The state insisted that the offense was one of strict liability; appellee maintained that the degree of mental culpability necessary was recklessness.
 {¶ 3} According to an entry by the court, the trial proceeded on the premise that the requisite mental state was recklessness. At the close of the trial, however, when the court issued its proposed jury instructions, the state elected to attempt an interlocutory appeal. The court stayed the trial pending appeal. On June 25, 2003, this court denied the state's motion for leave to appeal, finding the issue was not a final appealable order.
 {¶ 4} In the trial court, a "status hearing" was held on September 19, 2003. At that hearing, according to the court's judgment entry, the state moved for a mistrial and appellee moved to dismiss the matter, arguing that further prosecution would violate his constitutional rights and be an undue burden. The court found that the passage of time made it "impractical to recall the jury" and that it was in the "interests of justice" to deny the state's mistrial motion and grant appellee's motion to dismiss. From this order, the state now brings this appeal, setting forth the following "statement of the assignment of error":
 {¶ 5} "Does a trial court abuse its discretion when it dismisses a criminal charge, with prejudice, after it denies the state's motion for a mistrial, after it denies the state's motion to instruct the jury according to law, and indicates to both parties that it intends to unlawfully instruct the jury?"
 {¶ 6} Although the state would like to make this appeal about whether the trial court's instruction on the mental element of R.C. 4301.69 was correct, that issue is not directly before us. The case was dismissed before that charge was ever given.
 {¶ 7} The sole question here is whether the court properly dismissed the case. The order of dismissal was the product of the September 19, 2003 hearing, and alludes to evidence, motions and arguments made during that hearing. However, neither a transcript of that proceeding nor an App.R. 9 substitute has been provided by the state, which is the appellant in this matter. "The duty to provide a transcript [or substitute] for appellate review falls upon the appellant. This is so because an appellant bears the burden of showing error by reference to the matters in the record." Columbus v. Hodge (1987), 37 Ohio App.3d 68. Absent a transcript or an App.R. 9 substitute, we must presume the regularity of the proceedings and affirm the trial court. State v. Brandon (1989),45 Ohio St.3d 85, 87; State v. Estrada (1998), 126 Ohio App.3d 553, 556.
 {¶ 8} Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 9} On consideration whereof, the judgment of the Fremont Municipal Court is affirmed. Costs to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Lanzinger, J., Singer, J. concur.