JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant Carlos Roche (appellant) appeals his escape conviction. After reviewing the facts of the case and pertinent law, we reverse the court's judgment and vacate appellant's conviction and sentence.
 I {¶ 2} On June 7, 2006, appellant was released from prison and placed on postrelease control. Appellant was instructed to report to Angela Bragg, a parole officer for the Department of Rehabilitation and Correction, on the second Tuesday of every month. Appellant met with Bragg on June 9, 2006, and signed paperwork indicating the conditions of his postrelease control. Appellant did not report on July 11, 2006, as scheduled. After Bragg unsuccessfully attempted to locate him, she issued a warrant for his arrest. When appellant did not report again in August, Bragg notified the prosecutor's office, who, on November 21, 2006, indicted appellant for one count of escape in violation of R.C. 2921.34. On June 27, 2007, a jury found appellant guilty of the charge, and the court sentenced him to five years in prison.
 II {¶ 3} In his second assignment of error, appellant argues that he "has been deprived of his liberty without due process of law by his conviction for escape, as said conviction was not supported by sufficient evidence to prove his guilt beyond a reasonable doubt." Specifically, appellant argues that he could not be convicted of *Page 3 
escape because he was not properly placed on postrelease control after his release from prison.
 {¶ 4} R.C. 2921.34(A)(1) governs the crime of escape, and it states as follows: "No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement." The Ohio Supreme Court has held that a person on postrelease control who fails to report to his parole officer may be prosecuted for escape under R.C. 2921.34. State v. Thompson, 102 Ohio St.3d 287, 2004-Ohio-2946.
 {¶ 5} When a trial court fails to notify a felony offender about postrelease control at the sentencing hearing, yet incorporates postrelease control into the journal entry, the matter must be remanded for resentencing. State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085. However, when an offender has already served his or her prison term, the offender "cannot be subject to resentencing in order to correct the trial court's failure to impose postrelease control at [the] original sentencing hearing." State v. Bezak, 114 Ohio St.3d 94, 97,2007-Ohio-3250.
 {¶ 6} As to what constitutes adequate notice of postrelease control at a sentencing hearing, R.C. 2967.28(C) states in pertinent part that "[a]ny sentence to a prison term for a felony of the third, fourth, or fifth degree * * * shall include a requirement that the offender be subject to a period of post-release control of up to *Page 4 
three years after the offender's release from imprisonment, if the parole board * * * determines that a period of post-release control is necessary for that offender." See, also, R.C. 2929.19(B)(3)(d) and (e) (mandating that the court notify an offender at the sentencing hearing for a third, fourth or fifth degree felony that postrelease control may be imposed upon his or her release from prison, and that a violation of the postrelease control conditions may result in a prison term of up to one-half the original sentence).
 {¶ 7} In State v. Evans, Cuyahoga App. No. 86219, 2005-Ohio-5971, this court remanded for resentencing after the trial court misinformed the defendant at the original sentencing hearing that "he could be subject to an additional prison term of three years. However, * * * one-half of the originally imposed sentence is three years and five months, five months longer than stated by the trial court." In State v. Staley, Madison App. No. CA2006-10-045, 2007-Ohio-3154, the Twelfth District Court of Appeals of Ohio remanded for a resentencing hearing after concluding that the trial court, at the original sentencing hearing, "failed to advise the defendant that a violation of his post-release control could result in additional incarceration for up to one-half of his stated prison term."
 {¶ 8} Furthermore, in State v. Berry, Scioto App. No. 04CA2961,2006-Ohio-244, the Fourth District Court of Appeals of Ohio remanded for resentencing after concluding that the trial court, at the original sentencing hearing, notified the defendant that he could be subject to postrelease control "up to a maximum of five *Page 5 
years," rather than notifying the defendant that five years mandatory post-release control was part of his sentence.
 {¶ 9} In Cuyahoga County Common Pleas Case Nos. 468021 and 464344, the court held a contemporaneous plea/sentencing hearing on August 2, 2005, where appellant pled guilty to the unrelated charges of unauthorized use of a motor vehicle and escape. After taking appellant's guilty plea, the court stated as follows: "Now, I'm telling you again, you're going to get one year, although you will be subject to post-release control again." Subsequently, when sentencing appellant, the court stated as follows: "After having reviewed this sentence with you, I now impose the sentence of 1 year at the Lorain Correctional Institution. And that is on the escape case. And, 9 months on the RSP motor vehicle, to run concurrent to the first case. So, it's the intention of this court to give you 1 year, credit for time served." The court did not mention appellant being subject to postrelease control again. Additionally, the sentencing journal entry reads as follows: "post release control is part of this prison sentence for the maximum time allowed for the above felony(s) under R.C. 2967.28."
 {¶ 10} Appellant served this one-year sentence and was released from prison on June 7, 2006. We conclude that appellant was not properly placed on post-release control in Case Nos. 468021 and 464344, and as he served his sentence in these cases, he is not subject to resentencing. Additionally, because appellant was not subject to postrelease control, he was not "under detention" when he failed to *Page 6 
report to his parole officer in July and August 2006. When reviewing sufficiency of the evidence, an appellate court must determine "[w]hether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v.Jenks (1991), 61 Ohio St.3d 259. We, therefore, hold that there was insufficient evidence to find that appellant was under detention and, thus, that he committed the offense of escape in violation of R.C. 2921.34. Appellant's second assignment of error is sustained, and his conviction and sentence are vacated.
 {¶ 11} Appellant's remaining assignments of error are moot under App. R. 12(A)(1)(c).
It is ordered that appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 PATRICIA ANN BLACKMON, J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1