[Cite as *State v. Hill*, 2012-Ohio-2306.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96923**

# STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

# ROBERT HILL

DEFENDANT-APPELLEE

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-506427

**BEFORE:** S. Gallagher, J., Boyle, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 24, 2012

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

By: John Hanley
        T. Allan Regas
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender

By: John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, OH    44113


SEAN C. GALLAGHER, J.:

{¶1} The state of Ohio appeals the decision of the trial court to grant Hill's motion

in limine precluding the introduction of any evidence demonstrating Hill's 2003

conviction for felonious assault. For the following reasons, the trial court's decision is reversed, and the case is remanded for further proceedings.

{¶2} In 2003, Hill was convicted of felonious assault and sentenced to two years of prison, which included postrelease control for the "maximum period allowed for [a second-degree felony] under R.C. 2967.28." Hill was released from prison sometime in 2005 and placed on three years of postrelease control, the maximum allowed for a second-degree felony. As of November 2007, Hill failed to complete three separate requirements of his postrelease control.

{¶3} Hill was indicted for escape, pursuant to R.C. 2921.34(A)(1), on February 5, 2008, but was not arrested until June 5, 2010. Hill filed a motion to dismiss the single-count indictment on the basis that the sentencing journal entry failed to properly notify Hill of his three-year term of postrelease control. Hill never introduced the transcript of the 2003 sentencing hearing. His arguments were limited to the language of the 2003 sentencing journal entry. The trial court granted Hill's motion, and the state successfully appealed. *State v. Hill*, 8th Dist. No. 95469, 2011-Ohio-1574. Upon remand, Hill filed a motion in limine to prevent the state from introducing evidence of Hill's 2003 conviction, relying on the same argument that the 2003 sentencing entry was void because it failed to notify Hill of his three-year term of postrelease control. Once again, the trial court granted Hill's motion and the state timely appealed, raising one assignment of error, which provides as follows: "The trial court erred when it granted [Hill's] motion in limine precluding the state from introducing evidence relating to

[Hill's] prior conviction in an escape case." The state's sole assignment of error has merit.

{¶4} Regardless of the procedural posture in this case, Hill has once again shifted the focus of the argument, raised in his motion in limine, to the determination of whether his 2003 sentence was facially void for notifying Hill of his three-year term of postrelease control through the following language: "Post release control is a part of this prison sentence for the maximum period allowed for the above felony[, a second-degree felony,] under R.C. 2967.28[,]" the so-called maximum-period-allowed language.

{¶5} "The failure to properly notify a defendant of postrelease control and to incorporate that notice into the court's sentencing entry renders the sentence void." *State v. Cash*, 8th Dist. No. 95158, 2011-Ohio-938, ¶ 7, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. Further, the void sentence cannot be the basis of an escape charge. *Cash* at ¶ 9. The sole issue, therefore, is whether the 2003 sentencing entry is void for referencing the postrelease control statute, R.C. 2967.28, to establish notice of the duration, rather than being more specific and stating the three-year term of postrelease control pursuant to R.C. 2967.28(B)(2).

{¶6} This district has recently affirmed the validity of the trial court's postrelease control notice based on identical language. *State v. Bailey*, 8th Dist. No. 93994, 2010-Ohio-1874, ¶ 2, 20. In *Bailey*, the defendant challenged the validity of his sentencing entry, which included the statement that "post release control is a part of this

prison sentence for the maximum period allowed for the above felony(s) under R.C. 2967.28." This court held that the sentencing entry sufficiently provided the defendant with notice of the terms of his postrelease control because he was orally notified at the sentencing hearing of all the specific terms. *Id.* at ¶ 19. Therefore, where the oral notifications are proper, the maximum-period-allowed language does not render the sentencing entry void. *State v. Peterson*, 8th Dist. No. 96958, 2012-Ohio-87, ¶ 9; *State v. Donahue*, 8th Dist. No. 89111, 2007-Ohio-6825, ¶ 20 (holding that the sentencing entry using the maximum-period-allowed language properly informed the defendant of the postrelease control term, but the trial court erred by failing to discuss the ramifications of future violations).

{¶7} Hill never submitted the trial court transcript from his sentencing hearing. It is well settled that we must presume regularity of the proceedings. *State v. Brown*, 8th Dist. No. 95086, 2011-Ohio-345, ¶ 9, citing *State v. Estrada*, 126 Ohio App.3d 553, 556, 710 N.E.2d 1168 (7th Dist.1998). Because of the presumption of regularity, we must presume that the sentencing trial court properly notified Hill, orally, of the specific terms of his postrelease control, and the 2003 sentencing entry, therefore, is not void in light of this court's *Bailey* decision. *Id.* at ¶ 10. We note that this presumption also distinguishes this case from the Ohio Supreme Court's decisions in *Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, *recognized as superseded by statute*, *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, and *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, which dealt with the trial court's

failure to provide oral notice of postrelease control at the sentencing hearing or its failure to include any postrelease control language in the final sentencing entry.

{¶8} In response, Hill argues that his sentencing entry is void based on *State v. Roche*, 8th Dist. No. 90089, 2008-Ohio-3560. Hill's reliance is misplaced. Indeed, in *Roche* the sentencing entry used the maximum-period-allowed language, the same at issue in this case. *Roche* is distinguishable, however, because the defendant in *Roche* was never orally notified of postrelease control at the sentencing hearing. *Id.* at ¶ 5. The first notification was provided in the sentencing entry. The defendant must be given the oral notification at the sentencing hearing in order for the maximum-period-allowed language to be sufficient. *See also State v. Atkinson*, 8th Dist. No. 93855, 2010-Ohio-2783, ¶ 7 (holding that the defendant's sentence was void because of the trial court's failure to orally advise him of postrelease control and the use of the maximum-period-allowed language in the sentencing entry did not correct the deficiency); *but see State v. Siwik*, 8th Dist. No. 92341, 2009-Ohio-3896 (remanding the case for resentencing because of R.C. 2929.191, later held inapplicable by *Singleton* to cases, such as *Siwik*, where the defendant was sentenced prior to the effective date of R.C. 2929.191).

{¶9} The state's sole assignment of error is accordingly sustained. The trial court erred in precluding the state from introducing evidence of Hill's 2003 conviction. The postrelease control portion of the 2003 sentencing entry is not void. The decision of the

trial court is reversed, and the case once again is remanded for further proceedings consistent with the foregoing.

{¶10} Reversed and remanded.

This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
MARY J. BOYLE, P.J., DISSENTS WITH SEPARATE OPINION

MARY J. BOYLE, P.J., DISSENTING:

{¶11} I respectfully dissent. I would affirm the trial court's judgment because I find the postrelease control portion of Hill's 2003 sentence to be void.

{¶12} It is my view that the facts in this case are identical to the facts in *State v. Cash*, 8th Dist. No. 95158, 2011-Ohio-938. In *Cash*, the defendant was charged with escape based on allegations that he violated his postrelease control. Just as in the present

case, the sentencing entry from Cash's prior conviction had given him notice of postrelease control, but it did "not specify any terms of postrelease control." *Id.* at ¶ 2. This court held that because Cash's postrelease control was void, it could not support an escape conviction. *Id.* at ¶ 9. We reasoned:

> In *Hernandez v. Kelley*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, the Ohio Supreme Court noted that "nothing in R.C. 2967.28 authorizes the Adult Parole Authority to exercise its postrelease control authority if postrelease control is not imposed by the trial court in its sentence." (Emphasis omitted.) Id. at ¶ 18. Thus, the Adult Parole Authority lacked jurisdiction to impose postrelease control on Cash because it was not included in a valid sentence, nor was there a judicial order imposing postrelease control. Without a valid form of detention, Cash cannot be convicted of escape.

**{¶13}** Because the defendant in *Cash* had already served his prison sentence (just as Hill has in the present case), he could not be hauled back into court to impose postrelease control. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶18.

**{¶14}** Based on Hill's conviction for felonious assault in 2003, he was subject to a mandatory three-year term of postrelease control. R.C. 2967.28(B)(2). Just as in *Cash*, the trial court gave him notice of postrelease control, but did not affirmatively state that he would be subject to three years of mandatory postrelease control following his release in 2005. "A sentence that does not include the statutorily mandated term of postrelease control is void." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus. Therefore, the postrelease control portion of Hill's sentence is void. Thus, the Adult Parole Authority did not have the authority to enforce

postrelease control restrictions against him, and he was not legally under detention at the time the alleged escape was committed.