[Cite as *State v. Mace*, 2014-Ohio-5036.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
EN BANC
**No. 100779**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DAVID MACE**

DEFENDANT-APPELLANT

**EN BANC OPINION**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-03-438520-A

**BEFORE:**   En Banc Court

**RELEASED AND JOURNALIZED:**   November13, 2014

**ATTORNEYS FOR APPELLANT**

Timothy Young
State Public Defender

Kristopher A. Haimes
Assistant Public Defender
Ohio Public Defender's Office
250 East Broad Street, Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Diane Smilanick
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Pursuant to App.R. 26, Loc.App.R. 26, and *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, this court determined that a conflict existed between the panel decision in this case, *State v. Mace*, 8th Dist. Cuyahoga No. 100779, 2014-Ohio-3040, and *State v. Hill*, 8th Dist. Cuyahoga No. 96923, 2010-Ohio-1874, on the question whether a sentencing journal entry that states that the appellant is subject to postrelease control for the "maximum period allowed" for that felony is void, even if the court informed the defendant at the sentencing hearing of the specific period of post-release control imposed. We agree with the panel that such a judgment entry is void. Further, the entry cannot be corrected after the appellant has completed service of his sentence. Therefore, the appellant here is not subject to post-release control sanctions.

{¶2} Having applied the law adopted by the en banc court here, the panel opinion released July 10, 2014, stands as the decision of the court. The text of that opinion is appended to this en banc decision. We overrule all prior decisions of this court that are inconsistent with our holding here, including *State v. Hill*, 8th Dist. Cuyahoga No. 96923, 2012-Ohio-2306 and *State v. Bailey*, 8th Dist. Cuyahoga No. 93994, 2010-Ohio-1874.

_____
LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, A.J.,
PATRICIA ANN BLACKMON, J.,
FRANK D. CELEBREZZE, JR., J.,
EILEEN A. GALLAGHER, J.,
EILEEN T. GALLAGHER, J.,
SEAN C. GALLAGHER, J.,

KATHLEEN ANN KEOUGH, J.,
MARY EILEEN KILBANE, J.,
TIM McCORMACK, J.,
MELODY J. STEWART, J., and
KENNETH A. ROCCO, J., CONCUR

*Appendix*

*State v. Mace,* 8th Dist. Cuyahoga No. 100779, 2014-Ohio-3040 (panel decision journalized July 10, 2014):

LARRY A. JONES, SR., P.J.:

In this accelerated appeal,[1] defendant-appellant David Mace appeals from the trial court's November 2013 judgment denying his motion to terminate postrelease control. We affirm, but remand for further proceedings.

In 2003, Mace was sentenced to a ten-year prison term for 24 counts of gross sexual imposition and two counts of attempted gross sexual imposition. The sentencing judgment entry stated the following in regard to postrelease control: "Post release control is part of this prison sentence for the maximum period allowed for the above felony(s) under R.C. 2967.28."

In March 2013, Mace finished serving his sentence in this case. In August 2013, he filed a motion to terminate postrelease control, which the trial court denied. He challenges that denial in his sole assignment of error.

Mace cites *State v. Douse*, 8th Dist. Cuyahoga No. 98249, 2013-Ohio-254, in support of his contention that the trial court erred in denying his motion to terminate postrelease control. In *Douse*, this court reversed the trial court's judgment denying the defendant's motion to vacate postrelease control. The defendant there had been sentenced to a 13-year term. In regard to postrelease control, the sentencing entry stated the following: "'Postrelease control is part of this prison sentence for the maximum period allowed for the above felony under ORC 2967.28.'"

---

[1] The purpose of an accelerated appeal is to allow the appellate court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983); App.R. 11.1(E).

*Id.* at ¶ 5, quoting trial court's judgment.

After serving his 13-year term, the defendant was released from prison and placed on postrelease control. He filed a motion to vacate the postrelease control, contending that it was void because the trial court failed to state the specific time (five years) in the sentencing judgment that he would be subject to postrelease control. The trial court denied the motion.

This court reversed, stating the following:

> The trial court's imposition of postrelease control was invalid because the court failed to order the postrelease control for the mandatory five years. *State v. Stallings*, 8th Dist. [Cuyahoga] No. 97480, 2012-Ohio-2925 (postrelease control void because trial court failed to impose five-year mandatory sentence in journal entry). "[I]n the absence of a proper sentencing entry imposing postrelease control, the parole board's imposition of postrelease control cannot be enforced." *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254.

*Id.* at ¶ 8.

But this court further held that, because the defendant had already served his sentence, the error could not be corrected:

> It is well settled that once the sentence for the offense that carries postrelease control has been served, the court can no longer correct sentencing errors by resentencing. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 18, *rev'd in part on other grounds by*, *Fischer*;[2] *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 32; *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568.

> Thus, because Douse has already completed his sentence, he "cannot be subjected to another sentencing hearing to correct the trial court's flawed imposition of postrelease control." *Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, at ¶ 70. * * * Accordingly, we sustain the sole assigned error and reverse the trial court's decision. Douse's postrelease control is vacated, and this case is remanded for the trial court to note on its record that Douse cannot be resentenced and thus is not subject to postrelease control.

---

[2] *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.

(Emphasis sic.)    *Id.* at ¶ 13-14.

The state contends, however, that an oral advisement of the specific term for postrelease control made at sentencing is sufficient.   Because Mace has not made the sentencing transcript part of the record on appeal, the state contends that we must presume regularity; that is, that Mace was advised at sentencing of the specific period of postrelease control.   To support its position, the state cites this court's decisions in *State v. Hill*, 8th Dist. Cuyahoga No. 96923, 2012-Ohio-2306 and *State v. Peterson*, 8th Dist. Cuyahoga No. 96958, 2012-Ohio-87.

*Hill* and *Peterson* involved advisements in the sentencing judgment entry similar to the advisement given in this case.   There, as here, the defendants did not make the sentencing transcript part of the record on appeal and this court did hold that, in the absence of the sentencing transcript, regularity is presumed.

In *Peterson*, because the defendant had finished serving his sentence and, therefore, could not be subject to resentencing for correction of the imposition of postrelease control, this court held that the trial court properly denied the defendant's motion to vacate the sentencing journal entry and judgment of conviction.   This court ordered, however, that

> [n]onetheless, in order that its record may be complete, the trial court is instructed to note on the record of [defendant's] sentence that because he has completed the prison term for the [convictions], he will not be subjected to post-release control pursuant to our decision.

*Id.* at ¶ 14-15, citing *State v. Brown*, 8th Dist. Cuyahoga No. 95086, 2011-Ohio-345.

In light of the above, the trial court's judgment is affirmed, but the case is remanded so that the trial court can put forth an entry stating that Mace is not subject to postrelease control.

Judgment affirmed; case remanded for further proceedings.