[Cite as *State v. Trone*, 2020-Ohio-384.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                  :

    Plaintiff-Appellee,                      :

                            Nos.  108952 and 108966

    v.                                          :

RICO TRONE,                                     :

    Defendant-Appellant.                     :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED
**RELEASED AND JOURNALIZED:**  February 6, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-14-587798-A and CR-15-598790-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jennifer M. Meyer, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Cullen Sweeney, Assistant Public Defender, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1}  This consolidated appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R.11.1.  The purpose of an accelerated appeal is

to allow this court to render a brief and conclusory opinion. *State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, ¶ 1.

{¶ 2} Defendant-appellant, Rico Trone, appeals the trial court's decision denying his motion to vacate postrelease control. For the reasons that follow, we reverse the trial court's decision.

{¶ 3} In November 2014, Trone pleaded guilty in Cuyahoga C.P. No. CR-14-587798 to one amended count of attempted felonious assault, a felony of the third degree. This court was not provided with a transcript of the plea hearing, but the plea journal entry provides that Trone would be subject to a *mandatory* three-year period of postrelease control. In January 2015, Trone was sentenced to serve two years of community control sanctions. At sentencing, he was verbally advised that if he violated community control he would "be looking at a 36-month sentence. That's three years." (Tr. 14.) The record reflects that no advisement was given to him about postrelease control during sentencing. The sentencing journal entry provided that a "violation of the terms and conditions [of community control] may result in more restrictive sanctions, or a prison term of 36 month(s) as approved by law. Defendant advised of post release [sic] control for 3 years mandatory." No appeal was taken from this entry of conviction.

{¶ 4} In September 2015, Trone appeared before the court on a probation violation in CR-14-587798 for failing to report to probation and abide by the terms and conditions of community control. As a result of his noncompliance, he also was indicted in Cuyahoga C.P. No. CR-15-598790 on two counts of escape.

{¶ 5} On November 12, 2015, Trone pleaded guilty in CR-15-598790 to a fourth-degree felony count of escape and a fifth-degree felony count of escape. During the plea colloquy, he was advised that he would be subject to postrelease control "for up to three years." (Tr. 25.) He was sentenced to serve concurrent 12-month sentences on each offense. He was verbally advised during the sentencing portion of the hearing that he would "be subject to that PRC again for three years at their discretion." (Tr. 35.) However, the sentencing journal entry provided that "postrelease control is part of this prison sentence for 5 years mandatory for the above felony(s) under R.C. 2967.28." No appeal was taken from this entry of conviction.

{¶ 6} Because he pleaded guilty to the two new escape offenses, Trone was found to be in violation of his community control sanctions in CR-14-587798. As a result, the trial court terminated his community control sanctions and imposed a prison term of 12 months, ordered to be served consecutively with the 12-month sentence imposed on the escape offenses. He was not advised that he would be subject to any term of postrelease control in this case. However, the sentencing journal entry provided that "postrelease control is part of this prison sentence for 5 years mandatory for the above felony(s) under R.C. 2967.28." No appeal was taken from this entry of conviction.

{¶ 7} The parties agree that Trone was released from prison in January 2017 after serving his sentence in both cases, and placed on postrelease control.

**{¶ 8}** In February 2019, Trone, pro se, filed a motion to vacate the "three-year term" of postrelease control in CR-14-587798 because the trial court improperly imposed a five-year mandatory term of postrelease control at sentencing. According to Trone, the term of postrelease control must be vacated and because he served his underlying prison sentence, the trial court lacks authority to correct the error through a resentencing.

**{¶ 9}** The state opposed the motion, arguing under both cases that the motion should be denied. First, the state contended that Trone's motion should be deemed moot because he has been released from prison. The state further argued that Trone was properly advised at the sentencing hearing that he would be subject to a discretionary three-year period of postrelease control.[1] Accordingly, the state maintained that the sentencing journal entries could be corrected nunc pro tunc.

**{¶ 10}** Trone obtained counsel, who filed a reply to the state's opposition, asserting that Trone was also requesting that the term of postrelease control imposed in his escape case was also improper; thus, it should also be vacated. Trone countered the state's position that the trial court's error could not be corrected nunc pro tunc because he was released from prison.

---

[1] The state in its brief in opposition states, "However, a reading of the [sic] both transcripts indicates that the Court did not properly informed [sic] Defendant Trone of the 3 years discretionary post release control." It is clear that the state misstated its position; the context is clear that the state intended to claim, whether correctly or incorrectly, that Trone was properly informed of the three-year discretionary term of postrelease control.

{¶ 11} In CR-14-587798, the trial court denied Trone's motion to vacate. In CR-15-598790, the trial court did not address Trone's requested relief that he raised in his reply brief; rather, the trial court issued a journal entry, nunc pro tunc, that advised Trone that "postrelease control is part of this prison sentence for 3 years mandatory for the above felony(s) under R.C. 2967.28."

{¶ 12} Trone now appeals from the trial court's denial of his motion to vacate and the nunc pro tunc sentencing journal entry. In his sole assignment of error, Trone contends that the trial court erred in failing to vacate or terminate the improperly imposed terms of postrelease control in both cases.

{¶ 13} It is well established that a trial court must properly impose postrelease control or that portion of the sentence is invalid. *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 8; *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18. To properly impose postrelease control, the trial court must notify the defendant at the sentencing hearing (1) whether postrelease control is discretionary or mandatory; (2) the length of the postrelease control term; and (3) the consequences for violating postrelease control. *Grimes* at ¶ 1. These notifications must also be incorporated into the trial court's sentencing journal entry. *Id.* at ¶ 1, 13.

## A. CR-14-587798

{¶ 14} The trial court erred in denying Trone's motion to vacate postrelease control in CR-14-587798. When the trial court terminated Trone's community control sanctions at his probation violation hearing, Trone was not advised that he

would be subject to any period of postrelease control; the record is silent. Moreover, the new sentencing journal entry incorrectly provides that Trone would be subject to five years of mandatory postrelease control. As the parties agree, Trone would have been subject to only three years of mandatory postrelease control.

{¶ 15} It is well settled that a "trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing" and that "any sentence imposed without such notification is contrary to law." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23.

{¶ 16} Our review of the record reveals that Trone was not verbally advised at the probation violation sentencing hearing of postrelease control. Although he was properly advised of postrelease control during his original sentencing hearing, the Ohio Supreme Court has made it clear that a probation violation hearing is a new sentencing hearing. "[F]ollowing a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes." *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17. Complying with the relevant sentencing statutes includes the advisements regarding postrelease control. *Id.* at ¶ 12-13. When a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into the sentencing journal entry, the trial court fails to comply with R.C. 2929.19, and the sentence must be vacated and remanded for resentencing. *Jordan* at paragraph two of the syllabus. In this case, because the trial court did not provide Trone notice of postrelease

control at his probation violation sentencing hearing, his sentence was contrary to law.

{¶ 17} However, Trone has now served his prison sentence in this case, a fact that is not in dispute. It has long been held that after an offender has completed the prison term imposed in his original sentence, the offender cannot be subject to another sentencing to correct a trial court's flawed imposition of postrelease control. *Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, at ¶ 16. Consequently, Trone cannot be subject to a new sentencing hearing and because he was not advised at the sentencing hearing about postrelease control, the trial court cannot correct this deficiency by virtue of a nunc pro tunc journal entry.

{¶ 18} Accordingly, the trial court erred in denying Trone's motion to vacate or terminate the improperly imposed term of postrelease control imposed in CR-14-587798.

**B. CR-15-598790**

{¶ 19} Addressing the arguments as they pertain to Trone's escape case presents this court with several issues.

**1. Jurisdiction over the nunc pro tunc journal entry**

{¶ 20} Trone did not file a motion to vacate his term of postrelease control in this case. Despite claiming that Trone's motion was moot due to his release from prison, the state responded that Trone was also subject to postrelease control in this case, and accordingly, had overlapping sentences. In his reply brief, Trone countered that both periods of postrelease control were improperly imposed and

thus, both terms must be terminated. Rather than consider the merits of these arguments, the trial court issued a sentencing journal entry, nunc pro tunc; however, we note that the term of postrelease control is still incorrect.

**{¶ 21}** The state contends on appeal that because Trone did not file a motion to vacate his postrelease control in CR-15-598790, there is no order from which he is properly appealing. A review of the notice of appeal reveals that Trone is appealing from the trial court's nunc pro tunc entry filed on August 15, 2019.

**{¶ 22}** A nunc pro tunc entry is the procedure used to correct clerical errors in a judgment entry, but the entry does not extend the time within which to file an appeal because it relates back to the original judgment entry. *See, e.g., State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142. Accordingly, a strict application of the law would prohibit Trone from appealing the trial court's order.

**{¶ 23}** However, it is well settled that courts possess the authority to correct errors in judgment entries so that the record speaks the truth. *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 163-164, 656 N.E.2d 1288 (1995); Crim.R. 36. Errors subject to correction by the court include a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15; Crim.R. 36. Nunc pro tunc entries are used to make the record reflect what the court actually decided and not what the court might or should have decided or what the court intended to decide. *Miller* at ¶ 15; *Fogle* at 164. When a defendant is notified of the proper term of postrelease control at his sentencing

hearing, but the sentencing journal entry fails to indicate such advisement, the result is a clerical error that may be corrected through a nunc pro tunc entry. *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 14.

{¶ 24} In this case, Trone was properly advised at his sentencing hearing that he would be subject to a three-year discretionary term of postrelease control following his release from prison. However, the sentencing journal entry stated that Trone would be subject to five years of mandatory postrelease control. Clearly, this is a clerical error that could be corrected through a nunc pro tunc journal entry.

{¶ 25} However, the nunc pro tunc journal entry that the trial court issued still does not speak the truth of what occurred at sentencing. Instead, the journal entry provides that Trone is subject to three years of *mandatory* postrelease control. Accordingly, the nunc pro tunc is not a proper nunc pro tunc and Trone's postrelease control order is still incorrect.

{¶ 26} A sentence that does not include the statutorily mandated term of postrelease control is void, not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus. Accordingly, Trone is able to challenge this void order.

{¶ 27} Moreover, we note that the trial court issued the nunc pro tunc in response to the state's requested relief after acknowledging that the period of postrelease control was incorrect. Accordingly, the state opened the door and cannot now claim that Trone is precluded from seeking review by means of an

appeal. Accordingly, we find that Trone can appeal from the trial court's incorrect nunc pro tunc sentencing journal entry.

### 2. Issuance of Nunc Pro Tunc

{¶ 28} The next issue that must be addressed is whether Trone's release from prison prevents the trial court from entering a nunc pro tunc sentencing journal entry.

{¶ 29} In this case, Trone was properly advised during his plea and sentencing that he was subject to a discretionary three-year term of postrelease control. However, the sentencing journal entry erroneously states that Trone was subject to a mandatory period of five years of postrelease control. This clerical error could have been corrected nunc pro tunc; however, Trone has since served his prison term from which postrelease control was imposed. According to R.C. 2929.191(A)(1) and controlling precedent, the trial court cannot now correct the journal entry to remedy its error.

{¶ 30} R.C. 2929.191 states that a sentencing court can remedy its error when it improperly imposes postrelease control, but any correction must occur prior to the offender being released from prison. *See also State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 23; *Cockrell*, 8th Dist. Cuyahoga No. 104207, 2017-Ohio-1358, at ¶ 18. This is also true even when the trial court desires to issue a nunc pro tunc to correct a sentencing entry when the defendant is properly advised during sentencing, but the journal entry is deficient. "The original sentencing entry can be corrected to reflect what actually took place at the

sentencing hearing [with respect to PRC], through a nunc pro tunc entry, as long as the correction is accomplished prior to the defendant's completion of his prison term." *Qualls* at ¶ 24; *see also State v. Mace*, 8th Dist. Cuyahoga No. 100779, 2014-Ohio-5036, ¶ 1-2.

{¶ 31} In *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, the court held that stating the improper length of the postrelease control term renders that portion of the sentence void. The Ohio Supreme Court has not placed any limitations or restrictions on this proposition. In fact, the court has seemingly rejected the notion of "sufficient notice" as it applies to notifications regarding postrelease control. *See State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9 (finding that the procedures in R.C. 2929.191 control, and rejecting an opportunity to apply its holding in *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, that a reasonable person in the position of the offender would have had sufficient notice that postrelease control could be imposed).

{¶ 32} The state urges this court to follow the law of other districts that have held that a clerical error can be corrected by a nunc pro tunc entry at any time, including after a defendant has served his sentence and is released from prison. *State v. Bostic*, 6th Dist. Lucas No. L-18-1219, 2019-Ohio-2658 (declining to apply *Grimes* retroactively, and finding that the sentencing journal entry complied with the applicable law at the time of sentencing), and *State v. Murray*, 2012-Ohio-4996, 979 N.E.2d 831 (6th Dist.) (relying on *Watkins* and holding that the issuance of a nunc pro tunc to correct a clerical error regarding postrelease control was proper

despite Murray serving his stated prison sentence). We find that *Bostic* is clearly distinguishable because *Grimes* applies in the case before this court. We also decline to follow *Murray* because it erroneously relies on *Watkins*.[2] Rather, we adhere to our precedent in *Mace*, 8th Dist. Cuyahoga No. 100779, 2014-Ohio-5036, that deficient postrelease control journal entries cannot be corrected after the defendant has completed the prison term of his sentence.

{¶ 33} Based on the foregoing, we find that the trial court could not correct Trone's sentencing journal entry nunc pro tunc because Trone served his prison term in CR-15-598790. The portion of his sentence imposing postrelease control is void.

## C. Conclusion

{¶ 34} The trial court erred in denying Trone's motion to vacate or terminate postrelease control in CR-14-587798. The trial court also erred in entering a sentencing journal entry nunc pro tunc in CR-15-598790. Accordingly, the trial court's judgment entries are reversed; Trone is released from postrelease control in both cases. His assignment of error is sustained.

{¶ 35} Judgment reversed.

It is ordered that appellant recover from appellee costs herein taxed.

---

[2] Moreover, this court certified to the Ohio Supreme Court that our en banc decision in *Mace*, 8th Dist. Cuyahoga No. 100779, 2014-Ohio-5036, conflicted with *Murray*. *See State v. Mace*, Supreme Court of Ohio Case No. 2014-2116. However, the Supreme Court determined that no conflict existed and dismissed the case. *State v. Mace*, 141 Ohio St.3d 1450, 2015-Ohio-239, 23 N.E.3d 1193.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

ANITA LASTER MAYS, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR