[Cite as *State v. Doss*, 2022-Ohio-1507.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                                        No. 111187

    v.                             :

SANFORD D. DOSS,                        :

    Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 5, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-638751-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee*.

Sanford D. Doss, *pro* se.

KATHLEEN ANN KEOUGH, J.:

{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1.  The purpose of an accelerated appeal is to allow an appellate court to render a brief and conclusory decision.  *State v. Trone*, 8th Dist.

Cuyahoga Nos. 108952 and 108966, 2020-Ohio-384, ¶ 1, citing *State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, ¶ 1.

{¶ 2} In December 2020, this court affirmed Doss's convictions for aggravated vehicular homicide, aggravated assault, and operating a vehicle while intoxicated. *State v. Doss*, 8th Dist. Cuyahoga No. 109235, 2020-Ohio-5510. This court overruled his assignments of error challenging (1) the denial of his motion to suppress, (2) his no contest plea, and (3) the trial court's imposition of a mandatory prison sentence. Doss did not raise any challenge to his sentence regarding the application of the Reagan Tokes Law, which was in effect at the time he committed the offenses.

{¶ 3} In November 2021, Doss filed two motions — (1) a motion to conduct a resentencing hearing because the trial court failed to provide him with the R.C. 2929.19(B)(2)(c) statutory notifications pursuant to the Reagan Tokes Law; and (2) a motion to vacate his plea because the trial court (1) allegedly failed to accept his plea, and (2) failed to advise him of the statutory notifications. The trial court summarily denied both motions.

{¶ 4} Doss now appeals, raising as his sole assignment of error that his sentence is contrary to law because the trial court erred when it failed to follow its mandatory duty to advise him of the five notification requirements under the Reagan Tokes Law. He contends that he is entitled to a new sentencing hearing based on this failure.

{¶ 5} As part of the Reagan Tokes Law, R.C. 2929.19(B)(2)(c)(i)-(v) requires a trial court to inform an offender at the sentencing hearing five notifications about the offender's indefinite sentence. Those notifications involve the rebuttable presumption regarding the offender's release from service of the sentence, how the department of rehabilitation and correction may rebut that presumption, and the mandatory release of an offender following the expiration of the maximum prison term imposed.

{¶ 6} Our review of the record reveals that the trial court did not inform Doss of the five notifications under R.C. 2929.19(B)(2)(c) at sentencing. Nevertheless, his argument on appeal is barred by res judicata because Doss failed to challenge this issue in his direct appeal. The Ohio Supreme Court has made it clear that sentencing errors, even errors involving a statutory mandate, render a sentence voidable, not void, and must be raised on direct appeal. *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776; *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248. Accordingly, the sentencing defect that Doss now raises is barred by res judicata. The assignment of error is overruled.

{¶ 7} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

ANITA LASTER MAYS, P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR