[Cite as *DJD Invest. Co., Ltd. v. Holsopple*, 2022-Ohio-4089.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DJD INVESTMENT COMPANY, LTD.,   :

      Plaintiff-Appellee,      :

              Nos. 111549 and 111696

      v.      :

RALPH HOLSOPPLE, ET AL.,      :

      Defendants-Appellants.      :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 17, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-933542

---

### *Appearances:*

Russo & Rieke LLC, Michael K. Rieke, and Dawn E. Snyder, *for appellee*.

The Law Office of Leonard F. Lybarger and Leonard F. Lybarger, *for appellants*.

MARY EILEEN KILBANE, P.J.:

{¶ 1} These appeals are before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to allow an appellate court to render a brief and conclusory decision. *State v. Trone*, 8th

Dist. Cuyahoga Nos. 108952 and 108966, 2020-Ohio-384, ¶ 1, citing *State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, ¶ 1.

**{¶ 2}** Defendants-appellants Ralph and Marilyn Holsopple ("Ralph," "Marilyn," and collectively, "the Holsopples") appeal from the trial court's judgment granting plaintiff-appellee DJD Investment Company, Ltd.'s ("DJD") motion for summary judgment, denying the Holsopples' motion to vacate judgment, and finding that DJD had properly exercised its option pursuant to the parties' option agreement. For the reasons that follow, we affirm.

**Factual and Procedural History**

**{¶ 3}** These consolidated appeals arose out of an option contract between DJD and the Holsopples. On January 13, 2020, the parties executed an option agreement by which the Holsopples granted DJD 120 days — until May 12, 2020 — in which to exercise its option, in writing, to purchase the Holsopples' condominium located at 10532 Clifton Boulevard, Unit 108, in Cleveland, Ohio for $42,500. The option agreement provided, in relevant part:

> FOR AND IN CONSIDERATION of Five Hundred Dollars ($500) and other good and valuable considerations, the receipt and sufficiency of which is hereby acknowledged, it is agreed as follows:
>
> 1) AGREEMENT: The Seller does hereby grant unto the Purchaser the exclusive and irrevocable right to purchase, upon the terms and conditions hereinafter set forth, the property located at: 10532 Clifton Blvd; Unit 108, Cleveland, OH 44102, County of Cuyahoga, State of Ohio. PPN: 001-17-801C (PREMISES).
>
> 2) EXERCISE OF OPTION: Purchaser may exercise this Option by sending written notice, certified mail NOT required, to Owner at the property address on or before the automatic TERMINATION DATE, which is one hundred twenty (120) days after signing of this agreement.

Upon such exercise of this option, the parties shall execute escrow instructions in the standard form at escrow and title company of Optionees sole choosing.

{¶ 4} On April 2, 2020, DJD requested a 60-day extension of the option deadline, citing pandemic-related closures of various government offices. Marilyn verbally agreed to this extension.

{¶ 5} On May 1, 2020, approximately two weeks before the expiration of the initial option period, the Holsopples received escrow documents from DJD. On May 8, 2020, the Holsopples received closing documents. DJD maintains that these documents constituted the exercise of its option in accordance with the option agreement. Upon receipt of these documents, Marilyn called a representative from the title agency on May 12, 2020, to address various errors in the names, addresses, and dates listed in the documents. According to the Holsopples' answer, during this phone call, Marilyn confirmed that the purchase would be a cash transaction.

{¶ 6} On June 18, 2020, DJD filed a complaint against the Holsopples alleging that the Holsopples breached their contract with DJD and requesting specific performance. On July 18, 2020, Ralph filed an answer and counterclaims. On July 21, 2020, Marilyn filed an identical answer and counterclaims.

{¶ 7} On September 16, 2020, DJD filed a motion to dismiss the Holsopples' counterclaims. On November 11, 2020, DJD filed a motion for judgment on the pleadings. On December 10, 2020, Marilyn filed an opposition to DJD's motion for judgment on the pleadings.

{¶ 8} On March 19, 2021, DJD filed a motion for summary judgment.

**{¶ 9}** On March 26, 2021, the court granted DJD's motion to dismiss the counterclaims and denied their motion for judgment on the pleadings.

**{¶ 10}** On April 16, 2021, Marilyn filed an opposition to DJD's motion for summary judgment. On April 26, 2021, DJD filed a reply brief in support of its motion for summary judgment.

**{¶ 11}** On June 17, 2021, the trial court denied DJD's motion for summary judgment. The court scheduled a pretrial conference to reset a trial date. Trial was subsequently scheduled and continued numerous times.

**{¶ 12}** On April 26, 2022, the trial court reconsidered its June 17, 2021 denial of DJD's motion for summary judgment, issuing the following journal entry:

> On June 17, 2021, this court denied plaintiff's motion for summary judgment. However, upon a second review of the motion and the brief in opposition, the court hereby vacates this order. This court has the authority to reconsider previous rulings that are not final appealable orders. *See Chubb Group of Ins. Cos. V. Guyuron*, 8th Dist. Cuyahoga No. 68468, 1995 Ohio App. LEXIS 5512 (Dec. 14, 1995). The court, having reconsidered all the evidence and having construed the evidence most strongly in favor of the non-moving party as is required under Civ.R. 56, determines that reasonable minds can come to but one conclusion, that there are no genuine issues of material fact, and that plaintiff is entitled to judgment as a matter of law. Plaintiff has properly executed the option according to the option agreement and therefore the parties are contractually bound to complete the planned sale of the property. There being no genuine issue of material fact, this court finds that defendants are in breach of the contract for the sale of the property. Plaintiff may exercise their option to purchase the property in accordance with the contract within 90 days of this order. If [plaintiff elects] to do so, defendants are bound to complete the sale upon plaintiff's exercise of their option to purchase. There is no just cause for delay. Court cost assessed to the defendant(s).

**{¶ 13}** On May 17, 2022, the Holsopples filed a motion to vacate judgment pursuant to Civ.R. 60(B).

**{¶ 14}** On May 25, 2022, the Holsopples filed a notice of appeal from the trial court's April 26, 2022 journal entry granting summary judgment in favor of DJD — 8th Dist. Cuyahoga No. 111549. On June 1, 2022, the trial court issued a journal entry noting that the case was automatically stayed pending the Holsopples' appeal.

**{¶ 15}** On June 16, 2022, this court remanded the case to the trial court for the sole purpose of allowing the trial court to rule on the Holsopples' Civ.R. 60(B) motion. On June 22, 2022, the trial court denied the Holsopples' Civ.R. 60(B) motion. On July 5, 2022, the Holsopples filed a second notice of appeal from the trial court's denial of their Civ.R. 60(B) motion — 8th Dist. Cuyahoga No. 111696. On July 6, 2022, this court consolidated both appeals.[1]

**Assignments of Error**

**{¶ 16}** The Holsopples raise the following assignments of error for our review:

> **I.** The trial court erred in granting summary judgment for plaintiff on the issue that plaintiff had sufficiently accepted defendants' option to purchase their condominium unit by sending escrow documents to defendants in lieu of sending them a written notice of acceptance as set forth in the option/purchase agreement before establishing the escrow.
>
> **II.** The trial court erred in granting summary judgment for plaintiff on the issue that plaintiff's failure to deposit the purchase price money in

---

[1] While the Holsopples' second notice of appeal was from the trial court's denial of their Civ.R. 60(B) motion, they raise no assignments of error in this consolidated appeal related to that judgment.

escrow, coupled with the escrow agent's employee instructing defendants not to return any signed escrow documents and the failure of the plaintiff to pay the agreed $100 to extend the termination date by 60 days from May 13, 2022 [sic], meant that the contract was also terminated by plaintiff's failure to comply with the terms of the agreement before the original May 13, 2022 [sic] agreed deadline.

**Legal Analysis**

**I. Standard of Review**

{¶ 17} The Holsopples' assignments of error both challenge the trial court's summary judgment decision. We review a trial court's summary judgment decision de novo, applying the same standard that the trial court applies under Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Civ.R. 56(C).

{¶ 18} On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate the absence of a genuine issue of material fact and entitlement to summary judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party must then point to evidence of specific facts in the record demonstrating the existence of a genuine issue of

material fact for trial. *Id.* at 293. If the nonmoving party fails to meet this burden, summary judgment is appropriate. *Id.*

{¶ 19} An option contract for the purchase of real property is defined as "an agreement wherein the legal titleholder of the property grants another person the privilege, without the obligation, to purchase the real property at a set price within a set time." *A & J Homes, Inc. v. Green*, 8th Dist. Cuyahoga No. 101416, 2015-Ohio-1290, ¶ 14, quoting *Am. Servicing Corp. v. Wannemacher*, 2014-Ohio-3984, 19 N.E.3d 566, ¶ 14-15 (3d Dist.). An option contract consists of the following two elements:

> (1) an offer to buy, sell, or perform some act, which becomes a contract if properly accepted; and
>
> (2) the binding agreement to leave the offer open for the specified time.

*Id.*, quoting *Central Funding, Inc. v. CompuServe Interactive Servs., Inc.*, 10th Dist. Franklin No. 02AP-972, 2003-Ohio-5037, ¶ 38.

## II. Law and Analysis

{¶ 20} In the Holsopples' first assignment of error, they assert that the trial court erred in granting summary judgment for DJD by finding that DJD's delivery of escrow documents to the Holsopples constituted proper written notice under the option agreement. Specifically, the Holsopples state that "an acceptance must comply with the requirements of the offer as to the promise to be made or the performance to be rendered." Restatement of the Law 2d, Contracts, Section 58, (1981). DJD's decision to send escrow documents, according to the Holsopples, was insufficient to constitute written notice under the option agreement.

{¶ 21} The Holsopples are correct that a party's means of accepting an offer, or exercising an option, must comply with terms set forth in the option agreement. What their argument fails to include, however, is any explanation of why the escrow documents, timely receipt of which they acknowledged in their answer, do not constitute written notice.

{¶ 22} The option agreement here specifies that the written notice be timely and delivered to the Holsopples, not by certified mail. The option agreement does not specify the form or content of the written notice. The documents received by the Holsopples, prior to the expiration of the 120-day option period, were escrow and closing documents related to the option agreement. The Holsopples have not provided any explanation or support for their assertion that these documents somehow failed to communicate DJD's intent to exercise its option, and our review of the record does not reveal any information that might support this assertion. On the contrary, the record — including the Holsopples' own answers — reveals that upon receiving these documents, Marilyn communicated with a representative of the title company about the prospective sale, going so far as to confirm with the representative that DJD's purchase of the property was to be a cash transaction. Therefore, we find no genuine issues of material fact with respect to whether DJD properly exercised its option to purchase the Holsopples' condominium. The Holsopples' first assignment of error is overruled.

{¶ 23} In the Holsopples' second assignment of error, they argue that the trial court erred in granting summary judgment for DJD because DJD's failure to

deposit the purchase price money in escrow and their failure to pay the agreed $100 to extend the option period by an additional 60 days effectively terminated the option agreement.

{¶ 24} As an initial matter, we note that nothing in the option agreement, or in contract law generally, supports the Holsopples' ultimate assertion that the failure to deposit $100 in escrow would somehow invalidate the underlying option agreement. Moreover, based on our review of the record, and in accordance with our conclusion in the foregoing assignment of error, DJD properly exercised its option under the option agreement prior to the May 12, 2020 expiration of the option term. While both parties agree that DJD wrote to the Holsopples requesting an extension of the term for $100, this request — and any subsequent failure to pay $100 — has no bearing on the summary judgment determination in this case. Therefore, the Holsopples' second assignment of error is overruled.

{¶ 25} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

LISA B. FORBES, J., and
MARY J. BOYLE, J., CONCUR